RANDOLPH J. KINLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kinley v. Commissioner
Docket No. 28627-83.
United States Tax Court
T.C. Memo 1984-382; 1984 Tax Ct. Memo LEXIS 296; 48 T.C.M. (CCH) 604; T.C.M. (RIA) 84382; July 24, 1984. *296 Daniel A. Raas, for the petitioner. Thomas N. Tomashek, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction filed December 9, 1983, to which petitioner filed an objection. All the facts necessary to our decision with respect to respondent's motion have been stipulated and are found accordingly. At the time the petition in this case was filed, petitioner resided in Bellingham, Washington. Petitioner is a fisherman and sometimes remains on his fishing boat moored in the Bellingham Harbor. His permanent shore address is, and at all times relevant hereto was, 3063 Cagey Road, Bellingham, Washington. He never has resided at 3663 Cagey Road, Bellingham, Washington. The statutory notice of deficiency dated June 29, 1983, from which the petition in this case was filed, was mailed to petitioner by certified mail at 3663 Cagey Road, Bellingham, Washington, 98225, on June 29, 1983. This notice of deficiency was delivered by the United States Postal Service to 3063 Cagey Road, Bellingham, Washington, on July 1, 1983. The delivery notice or receipt, PS Form 3849, was *297 signed by Charlotte Adams, who was approximately 13 years old at the time. Petitioner actually received the statutory notice of deficiency some time between July 1, 1983, and July 14, 1983. On July 14, 1983, he brought the statutory notice to his attorney. The petition in this case was filed with the Tax Court on October 6, 1983, 99 days after the date of the mailing of the notice of deficiency. The petition was mailed to this Court by certified mail on October 3, 1983, which is 96 days after the mailing of the notice of deficiency. Petitioner argues that since the facts show that the notice of deficiency was addressed to an improper address and that the actual delivery of the notice on July 1, 1983, 2 days after its mailing, was to a 13-year-old girl who may not be of suitable age and discretion to receive service, the 90-day rule should be relaxed in order not to prejudice petitioner, and that the 90 days should run from the date petitioner personally actually received the notice. Petitioner relies for this argument on , affg. ; and , *298 reversing a decision of this Court. The case of , is factually quite similar to the instant case except that in the Clodfelter case notice was left at the taxpayer's proper address and he received and signed for the notice of deficiency when he returned from a vacation approximately 9 days after the postal service had left notice of a certified letter at his proper address. Further, a timely petition was thereafter filed. The instant case differs from Tenzer v. Commissioner in that, here, delivery was made to petitioner's proper address in normal course of the mail 2 days after the notice was mailed, and the certified letter containing the statutory notice of deficiency was signed for by a 13-year-old girl. In the Tenzer case, the taxpayer did not receive the notice which was mailed to him, but it was returned to the Internal Revenue Service and later personally delivered to the taxpayer. In any event, it is unnecessary for us to further discuss the Clodfelter case and the Tenzer case since in , we held that where a notice of deficiency mailed *299 by the Commissioner to an incorrect address on September 16, 1981, was actually received by the taxpayer on October 2, 1981, it was received early enough to enable the taxpayer to file a timely petition, and his failure to do so resulted in the granting of respondent's motion to dismiss for lack of jurisdiction. In that case, we pointed out that the notice of deficiency was actually received by the taxpayer 16 days after the Commissioner mailed it and the taxpayer promptly delivered it to his accountant. We held that the taxpayer's failure to file a timely petition could not be said to have been the direct result of any error in the address to which the notice of deficiency was mailed. In so holding we relied on the Clodfelter case. In the instant case, petitioner actually received the notice no later than July 14, 1983, 16 days after it was mailed. On July 14, 1983, he took the notice of deficiency to his attorney. Here, as in the Mulvania case, petitioner's failure to file a timely petition cannot be said to have been the direct result of any error in the address of the notice of deficiency. Regardless of whether the postal service should have left the certified letter *300 at petitioner's address when it was signed for by a 13-year-old girl rather than leaving a notice of attempt to deliver a certified letter, the agreed facts show that petitioner did receive the statutory notice of deficiency in 16 days or less after the date of its mailing and was not prejudiced either by the incorrect address on the notice of deficiency or the fact that the notice was left with a 13-year-old girl when she signed the receipt for it. In our view, the facts in the instant case are indistinguishable from the facts in , and on the basis of that case, we hold that the petition in this case was not timely filed and respondent's motion to dismiss this case for lack of jurisdiction will be granted. An appropriate order will be entered.